16982

RUTH P. CARROLL, Appellant, v. MRS. HAZEL NELL P. BRITT, Appellant, MRS. HAZEL PARKER COOPER, Respondent
(86 S. E. (2d) 612)

*Messrs. Epps & Hoffman,* of Conway, *for Appellants,*

*J. Reuben Long, Esq.,* of Conway, *for Respondent,*

12

14

22

March 21, 1955.

BAKER, Chief Justice.

The exceptions of the then appellant, now respondent, to the report of the Master of Horry County, that is, his findings of fact and his conclusions of law, are too general to raise but one issue in this case. This one issue, giving the

then appellant the benefit of every doubt, is embodied in her exceptions four and six which in effect complain of the Master's holding and recommendation, and allege error thereabout where he held that the three buildings which had been situated on a lot of land formerly owned by the then appellant, but the present respondent, and moved to the small tract of land of her then husband, J. V. Parker, became a part of the realty upon which it was moved, and was not her personal property.

Under the facts of this case, and we have assiduously studied the record, and the governing law, we are in agreement with the Master's report. As additional authority for his holding in reference to the buildings moved on the land and the improvements thereto of J. V. Parker, through whom the plaintiff-appellant and the defendant-appellant, daughters and sole heirs at law of said Parker claim, see *Caulk v. Caulk*, 211 S. C. 57, 43 S. E. (2d) 600. This case settles beyond all doubt that the buildings moved on this land and the improvements made thereon became a part of the realty. For some circumstances under which a building is placed upon land of another without depriving the owner of the building of its ownership, see *Gilbert v. Easterling*, 217 S. C. 267, 60 S. E. (2d) 595.

The seventh exception of the appellant from the report of the Master wherein he required the appellant there—the respondent here—to pay her daughters, the appellants here, rental for the time she has been in the possession of this property since separating from her husband, J. V. Parker, was bottomed upon the alleged ground that such issue was not responsive to the pleadings. Such holding was directly responsive to the pleadings and the testimony. However, it is stated in the report of the Master that the appellants here had in the hearing before him expressed their willingness to eliminate this rental if they were successful in retaining the buildings here involved. Therefore, they will be held to this statement through or until August 27, 1953, the date of the report of the Master.

But we agree with the holding of the Master. The respondent here (Mrs. Hazel Parker Cooper) should pay rental from that date (August 27, 1953) until she gives up possession of the property on the basis indicated by the Master.

There was no exception from the Master's report in reference to his holding concerning the testimony of Nathan N. (Gabe) Harrell, and we have therefore not considered the testimony of this witness taken before the Circuit Judge, nor that of the witnesses as to the reputation of Harrell. However, we have read the testimony of this witness which was taken before the Circuit Judge and notice that when then testifying, Harrell stated that in his conversations with the late J. V. Parker, as to Parker selling and him buying the property here involved, he quoted Mr. Parker as saying: "Gabe, I cannot sell this place because Hazel owns the buildings and she has a divorce and is living some place else but if you will contact her and make arrangements I can do business with you." On cross-examination Harrell fixed the time of his conversations with Mr. Parker as in April, 1945, and in testifying before the Master he had also placed the time of these conversations as some time in 1945. The record shows that Hazel Parker Cooper did not procure a divorce from Mr. Parker until in March, 1946, so the statement attributed to Mr. Parker in April, 1945, was preposterous.

We are of the opinion that the Master correctly decided all issues in this case, his report factually being bottomed on the vast preponderance of the admissible testimony, and the well established governing law.

There is nothing before us as to the payment of attorney's fees for their services in connection with the appeal to this Court. However, Mrs. Hazel Nell P. Britt has in the interim reached the age of twenty-one years, and no doubt she and her sister will reach an agreement with their attorneys thereabout.

Let the report of the Master be reported herewith, and with the foregoing, will constitute the opinion of this Court.

The exceptions to the decree of the Circuit Judge are sustained, and the judgment appealed from is reversed and remanded for the purpose of the procurement of any order or orders necessary to effectuate this opinion.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.